November 5, 1906.

————o————

No. 4013.

(Court of Appeal, Parish of Orleans.)

ROCK ISLAND STEAMBOAT CO vs. JEFFERSON SAW MILL CO. Ltd.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division E.

Rouse, Grant & Grant for Plaintiff and Appellee.

Saunders & Gurley for Defendant and Appellant.

DUFOUR, J. One Ward, a logger, made a contract with

defendant to deliver to the latter at Lake Palmyra, Miss., a number of logs, and defendant, in turn, sold the same to the S. W. Lumber and Box Co.

Upon being notified by defendant that the logs were ready for delivery, the Lumber Company employed the plaintiff to do the towing to New Orleans and the latter sent two of its boats to the designated place.

Upon arriving there, Captain Reed who was in charge of the boats found that the logs were not floated and rafted. He undertook to make them ready for towing and received a guarantee from one Colton the scaler of the defendant company, that his bill for this service would be paid.

Payment was refused ; hence this suit. The defences are that the work was not done for defendant's account and that Colton had no authority to approve the bill or bind his employer in a matter of this kind.

These contentions do not bear scrutiny. It was to the interest of the Jefferson Company that the work should be done because its obligation to the Lumber Company was to deliver the logs ready for towing, and the latter would not accept them until this was done.

Colton was sent to Lake Palmyra not merely to scale but according to a letter of instructions, to deliver the logs and to take care of the defendant's interest at that end of the line.'"

Warriner, one of the liquidators of the defendant company says that Colton was employed to buy logs and get them together."

Though Harrison, former president of the Jefferson Company, denies that Colton had any authority to make contracts, he admits that he was employed to scale logs and look after the contractors, getting out timber for the company, seeing that it was rafted and delivered to the steamers."

The conclusion is an easy one that under the circumstances Colton had requisite authority to bind his employer to the extent of the value of the services, even though it be conceded that he could not do so by his O. K. of any bill for a specific amount.

The amout claimed is $600.00 ; that allowed $550.00 ; the parties on appeal respectively ask for an increase and a reduction. We shall grant neither.

The bill sent in was for three days at $200.00 per day; the District Judge deducted $50.00 as an allowance for the time

necessary to get out the lines for towing, when the logs are in proper position, which is shown to be about six hours. Plaintiff cannot now be heard to say that this deduction is already made in charging for three days only, instead of four actually consumed in the work; it must stand by its original claim.

Judgment affirmed.